IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GEORGE W. MONTGOMERY, JR., #01699766,  Petitioner, | § § § § | |
| v. | § | 3:12-CV-3729-B-BK |
| RICK THALER, Director,  Respondent. | § § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a Texas state prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. For the reasons that follow, it is recommended that the habeas petition be summarily dismissed.

**I. BACKGROUND AND PROCEDURAL HISTORY**

Petitioner pled guilty to aggravated assault on a public servant and was sentenced to 15 years' imprisonment. *State v. Montgomery*, No. F09-44557 (195th District Court, Dallas County, Feb. 14, 2011). Petitioner did not pursue a state appeal, and this Court dismissed his first federal petition for failure to exhaust. *Montgomery v. Thaler*, No. 3:11-CV-1193-L-BK, 2011 WL 3837047 (N.D. Tex., Dallas Div., Aug. 9, 2011), *report and recommendation adopted*, 2011 WL 3837034 (N.D. Tex., Dallas Div., Aug. 26, 2011). Subsequently, the Texas Court of Criminal Appeals denied Petitioner's state habeas application, *see Ex parte Mongomery*, No. WR-43,447-11 (Tex. Crim. App. Nov. 30, 2011).

Subsequently, this Court dismissed Petitioner's second federal petition for want of prosecution because he failed to file the action on the court-approved form, despite being ordered to do so. *See Montgomery v. Thaler*, No. 4:12-CV-405-A, Doc. 7 (N.D. Tex., Fort Worth Div.,

Jul. 24, 2012).  Thereafter, on September 13, 2012, Petitioner submitted the federal petition presently at issue.  (Doc. 3).  This Court has twice ordered him to file his pleadings in legible form.  (Doc. 6, 11).  Petitioner's filings, however,  remain undecipherable, including his original and supplemental responses to the Court's order regarding the  statute of limitations and equitable tolling.  (Doc. 8-10, 12, 13).[1]

## II.  ANALYSIS

### A.   Petitioner Failed to Comply

Petitioner's failure to comply with the basic instructions of the Court's September and October 2012 orders (Doc. 6, 11), that he submit legible pleadings or at least seek the assistance of a fellow inmate or law library staff in rewriting his pleadings, is sufficient ground for dismissal for want of prosecution.  *See* FED. R. CIV. P. 41(b); *Reed v. Thaler*, 2:11-CV-093, 2011 WL 3924171 (N.D. Tex. Aug. 15, 2011), *report and recommendation adopted*, 2011 WL 3927746 (N.D. Tex. Sept. 7, 2011) (dismissing unintelligible habeas corpus petition for lack of prosecution and, alternatively, denying same on merits).

### B.   The Petition is Untimely

In addition, the petition should be dismissed as time barred.  The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief, which the Court may consider *sua sponte*.  *See* 28 U.S.C. § 2244(d); *Kiser v. Johnson*, 163 F.3d 326, 328-29 (5th Cir. 1999).  The one-year period is calculated from "the date on which the judgment [of conviction] became final by the

---

[1] The dates listed above were verified through information available on the various state court Internet web pages (Dallas County and Texas Court of Criminal Appeals).

conclusion of direct review or the expiration of the time for seeking such review." *See* 28 U.S.C. § 2244(d)(1)(A). Sections 2244(d)(1)(B) through (D) are inapplicable here as there appears to be no allegation of a state-created impediment that prevented timely filing of the claims; Petitioner does not appear to base his claims on any new constitutional right; and the facts supporting the grounds for relief should have been known prior to the date on which Petitioner's convictions became final.

       Date Conviction Became Final and Statutory Tolling

Petitioner's conviction became final on March 16, 2011, thirty days after the February 14, 2011, judgments. *See* TEX. R. APP. P. 26.2(a)(1). The one-year limitations period began running on March 17, 2011. As of September 16, 2011, the day on which Petitioner filed the state application, 183 days of the one-year limitations period had elapsed. The application remained pending until its denial on November 30, 2011, during which time the one-year period was statutorily tolled. *See* 28 U.S.C. § 2244(d)(2) (providing for tolling of limitations period during pendency of state habeas proceedings). The one-year period resumed running on December 1, 2011, and expired 182 days later on May 31, 2012. Petitioner's first and second federal petitions do not qualify for statutory tolling. *See Duncan v. Walker*, 533 U.S. 167, 181-182 (2001) (no statutory tolling during pendency of federal action).[2] Accordingly, this federal petition, deemed filed as of September 6, 2012, is clearly outside the one-year statute of limitations absent

---

    [2] The second federal petition can be deemed filed at the earliest as of June 6, 2012, after the one-year period had already elapsed, when Petitioner obtained a certificate of inmate trust account (CTA), which he mailed with his petition and motion to proceed *in forma pauperis*. *See Montgomery v. Thaler*, No. 4:12-CV-405-A, Doc. 1, 2. Therefore, even if the second petition was improvidently dismissed for want of prosecution, and the subsequent petition improperly returned to him, neither would affect the timeliness of this federal petition. *Id.*, Doc. 7-9.

equitable tolling.[3]

<u>Equitable Tolling</u>

Because the one-year statutory deadline is not a jurisdictional bar, it is subject to equitable tolling in appropriate circumstances. *Holland v. Florida*, ___ U.S. ____, 130 S. Ct. 2549, 2560 (2010). To be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quotations and quoted case omitted). "'Courts must consider the individual facts and circumstances of each case in determining whether equitable tolling is appropriate.'" *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) (quoted case omitted).

This case does not present the type of due diligence and extraordinary circumstances required for equitable tolling. *See Howland v. Quarterman*, 507 F.3d 840, 845-46 (5th Cir. 2007) (summarizing cases). Having squandered the entire one year period, Petitioner clearly failed to act with due diligence. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (habeas petitioner must pursue the habeas "process with diligence and alacrity"). After his conviction became final, Petitioner waited about six months before he filed his state habeas application. His lack of diligence did not end there. Following the denial of his state application, Petitioner delayed an additional 182 days before he initiated his second federal habeas action. After the dismissal of that action for want of prosecution, Petitioner unsuccessfully attempted to remedy

---

[3] In light of Petitioner's *pro se* status and the "mailbox rule," *see* Rule 3(d) of the Rules Governing Section 2254 Proceedings ("mailbox rule" applicable to inmates who use jail/prison's internal mailing system), the Court liberally construes this federal petition filed on September 6, 2012, when Petitioner obtained a CTA and mailed it along with his petition and request for leave to proceed *in forma pauperis*. ( Doc. 3, 4).

the deficiencies in his pleadings, but the Fort Worth Division returned them to him. Petitioner then delayed for more than forty days before re-submitting the instant federal petition. These last two periods of inactivity clearly indicate lack of due diligence. *See Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001) (delay of four months between denial of state application and filing of federal petition precluded finding of due diligence); *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999) (six-month delay precluded due-diligence finding).

In addition, as noted above, the Court remains unable to decipher the habeas petition, brief in support, and the response addressing limitations and equitable tolling. Clearly, Petitioner has been on notice that his pleadings are illegible. In August 2011, the undersigned also apprised him of the one-year limitations period for filing federal habeas petitions and directed him to "act diligently and expediently in seeking habeas corpus relief in both state and federal court." *Montgomery v. Thaler*, No. 3:11-CV-1193-L-BK, 2011 WL 3837047, at *1 n. 2 (N.D. Tex., Dallas Div., Aug. 9, 2011).

Neither Petitioner's *pro se* status nor his unfamiliarity with the law suffices as a basis for equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) ("proceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim."); *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir. 1999) (*per curiam*) ("It is irrelevant whether the unfamiliarity [with law] is due to illiteracy or any other reason."). Moreover, absent an "extraordinary circumstance" that prevented timely filing, Petitioner is not entitled to equitable tolling. *Holland*, 130 S. Ct. at 2562. Here, apart from his undecipherable response, Petitioner does not explain the reason for any of the delays in his case. Unexplained delays do not evince due diligence or rare and extraordinary circumstances. *See Coleman v. Johnson*, 184

F.3d 398, 403 (5th Cir. 1999). Furthermore, "equity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999).

Accordingly, the Court concludes that Petitioner cannot carry his burden of establishing that equitable tolling is warranted in this case. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (party seeking equitable tolling has burden of showing entitlement to such tolling).

### III.  RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be summarily **DISMISSED** with prejudice for lack of prosecution and as barred by the one-year statute of limitations. *See* FED. R. CIV. P. 41(b); 28 U.S.C. § 2244(d).

SIGNED March 4, 2013.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE